IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Orlando Ira Brown,<br><br>      Plaintiff,<br><br>v.<br><br>State of South Carolina,<br><br>      Defendant. | Civil Action No. 3:18-1196-MBS<br><br>**OPINION AND ORDER** |

On May 2, 2018, Plaintiff Orlando Ira Brown ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought the underlying action against the State of South Carolina ("Defendant") alleging discrimination in violation of Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. §§ 12131, *et seq.* Plaintiff filed a motion for summary judgment the same day. ECF No. 6. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

Plaintiff has been diagnosed with schizoaffective disorder. ECF No. 1-1 at 1. Plaintiff alleges that on or about January 15, 2018, he was subjected to a background check incident to purchasing a firearm and was denied the firearm as a result of his mental illness, which he refers to as post-traumatic stress disorder. ECF No. 1 at 5. He alleges the background check is mandated by South Carolina law, and asserts that in denying "mentally disabled persons" from purchasing firearms, Defendant violates Title II. ECF No. 1 at 5. Plaintiff seeks monetary damages only. *Id.*

Following her review of the complaint, the Magistrate Judge filed a Report and Recommendation on May 22, 2018. ECF No. 11. The Magistrate Judge recommended that the court summarily deny the complaint for failure to state a claim upon which relief can be granted. *Id.* The Magistrate Judge found as follows:

> The only claim raised in the Complaint is an allegation that he was denied the purchase of a gun because of a state law that restricts gun ownership based on mental illness, in violation of Title II . . . However, Title II only bars states from discriminating against the disabled by excluding them from participation or denying benefits to public programs and services. See 42 U.S.C. § 12132. Because owning a gun is not a public program or service, his Americans with Disabilities Act claim is not cognizable, and should be dismissed for failure to state a claim.

*Id.* at 2. The Magistrate Judge concurrently denied the motion for summary judgment as moot. ECF No. 10. Plaintiff timely filed an objection to the Report and Recommendation. ECF No. 14.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions to which there are no objections—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life and Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff contends that the Magistrate Judge erred in concluding that gun ownership does not constitute participation in or enjoyment of benefits of a public program or service. ECF No. 14. In support, Plaintiff quotes Webster's Fourth Edition Pocket Dictionary for the definition of "program" as "a list of things to be performed," and asserts "[t]he Second Amendment, along with 42 U.S.C. Section 2000d-7, and Title II of the ADA, are a list of laws performed to make gun

2

ownership a public program of which gun ownership is a benefit and thus civil right." *Id.* at 1. Plaintiff similarly quotes Webster's Fourth Edition Pocket Dictionary for the definition of "services," which he defines as "governmental work," and asserts that "gun ownership is belonging to a service, or, government work rather, that the Second Amendment permits, as gun ownership by citizens of the United States as the primary benefit." *Id.* at 1-2. In sum, Plaintiff argues that "[p]urchasing and owning a firearm is part of a public program and service of the United States government, through the Second Amendment, to benefit citizens with the right to purchase and own a firearm." *Id.* at 2.

The court has thoroughly reviewed the record and the Report and Recommendation. The court finds that Plaintiff's objections are meritless. As the Magistrate Judge correctly noted, Title II provides that "no qualified individual with a disability shall . . . be subjected to discrimination by a [public] entity." 42 U.S.C. § 12132. To establish a *prima facie* case under Title II, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Spencer v. Easter*, 109 F. App'x 571, 573 (4th Cir. 2004) (citing cases).

The United States Constitution and the amendments thereto constitute a source of law. Specifically, the Second Amendment confers on an individual the right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008).[1] As Plaintiff recognizes in his objection,

---

[1] That right is not unlimited; and the Supreme Court has recognized the constitutionality of "longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. *Id.* at 626-27.

3

his right to the enjoyment of or participation in gun ownership is grounded in the Second Amendment, ECF No. 14 at 1, not through an activity, service, or program funded by the State. Accordingly, his allegations cannot give rise to a Title II violation.

Furthermore, Plaintiff seeks only monetary damages.[2] Compensatory damages are not available under Title II absent a showing of discriminatory intent. 42 U.S.C. §§ 12133, 2000d. *See Adams v. Montgomery College*, No. DKC 09–2278, 2010 WL 2813346, at *5 (D. Md. July 15, 2010) ("The remedial section of Title II of the ADA incorporates by reference the remedies of the Rehabilitation Act. 42 U.S.C. § 12133. The Rehabilitation Act, in turn, incorporates the remedies, procedures, and rights provisions of Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d. Under these acts, compensatory and punitive damages are available only on a showing of intentional discrimination by the defendant.") (citing *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 533–34 (1999)). The complaint sets forth no allegations of discriminatory intent.

---

[2] Sovereign immunity under the Eleventh Amendment shields state agencies and state instrumentalities from an award of monetary damages, unless the suit is brought pursuant to a statute passed by Congress containing a valid abrogation of sovereign immunity. *See* U.S. Const. amend. XI; *Board of Trustees of Univ. of Ala. V. Garrett,* 531 U.S. 356, 363 (2001). The Fourth Circuit has held that "Congress did not validly abrogate the sovereign immunity of the states when it enacted . . . Title II of the ADA." *Wessel v. Glendening,* 306 F.3d 203, 215 (4th Cir. 2002). The Supreme Court subsequently adopted an "as applied" approach in the Title II context and held that Congress' abrogation of Eleventh Amendment immunity in Title II of the ADA was valid "as it applies to" the enforcement of "the constitutional right of access to the courts," on the basis that the right of judicial access is among the "basic constitutional guarantees, infringements of which are subject to more searching judicial review" and is "protected by the Due Process Clause of the Fourteenth Amendment." *Tennessee v. Lane,* 541 U.S. 509, 522-23 (2004). However, disabled persons are not considered a suspect class, and "state action affecting the disabled is subject only to rational basis review." *Wessel,* 306 F.3d at 210 (citing *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 442–47 (1985)). Accordingly, there is little basis on which to conclude that the Eleventh Amendment would not act as a bar to Plaintiff's claim even if he had stated a violation of Title II.

## CONCLUSION

For the reasons stated above, the court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**


Dated: October 9, 2018　　　　　　　　　　　　/s/Margaret B. Seymour_____
Columbia, South Carolina　　　　　　　　　　Margaret B. Seymour
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge